UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JAMES SCHRODT, | No. C 04-5086 SI (pr) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER** |
| v. | |
| PLEASANT VALLEY STATE PRISON WARDEN, | |
| Respondent. | |

## INTRODUCTION

Brian James Schrodt, an inmate at the Pleasant Valley State Prison in Coalinga, California, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court issued an order to show cause why the writ should not be granted. Respondent moved to dismiss on the ground that state judicial remedies had not been exhausted as to some of the claims. Schrodt opposed the motion. For the reasons discussed below, the court will grant the motion in part and require Schrodt to elect how he wishes to proceed.

## BACKGROUND

The habeas petition in this action was assembled in a very confusing way. The form petition listed three claims and in the space on the form where the petitioner was to write the supporting facts, Schrodt directed the reader to several attachments which asserted some facts and some law relating to the three listed claims and in turn directed the reader to other attach-

ments. In addition to the layered incorporation-by-reference problem, Schrodt's petition contains unexplained references. At various places in the "Claim One: Attachment I" there are superscripted numbers following text. Normally, superscripted numbers indicate that there are footnotes or endnotes or perhaps even exhibits that match those numbers. Not so in Schrodt's petition. The court thus treats the superscripted numbers as surplusage and ignores them.

In the order to show cause, the court described the claims thusly: "The petition raises several claims. First, Schrodt alleges that he was denied his rights to due process, a fair trial, to present a defense and to confront witnesses in the twelve particular ways described in attachment one to the petition. Second, Schrodt alleges that his Sixth Amendment right to be tried in the state and district where the crime was committed was denied when he was prosecuted in Contra Costa County for acts occurring in Hawaii. Third, he alleges he was denied his right to a fair appeal." The court did not specifically describe the numerous sub-parts to Claim 1. Respondent then moved to dismiss and argued that Schrodt did not exhaust his state court remedies as to nine of the fourteen claims but did not specifically identify which five claims were exhausted and instead essentially invited the court to read the petition for review and figure out which ones respondent thought were unexhausted. Upon review of the record, the court concludes that Schrodt's listing of his claims in his petition is unduly confusing, the court should have described each claim individually in the order to show cause, and respondent's motion to dismiss exacerbates the confused state of affairs by not identifying unexhausted claims with particularity. The court now therefore will do Schrodt's job by setting out the claims in an understandable manner, do respondent's job in identifying the particular claims that have and have not been exhausted, and instruct Schrodt to choose how he wishes to proceed.

**DISCUSSION**

A.   <u>Identifying The Claims In the Petition</u>

The claims in the petition are the following:

Claim 1:   The exclusion of (a) letters written by Nina before leaving Hawaii and (b) photographs sent after October 31 denied Schrodt his rights to due process, to present a defense and to confront witnesses.

Claim 2:   The exclusion of bank statements and credit card statements denied Schrodt his rights to due process and to present a defense.

Claim 3:   Schrodt's Sixth Amendment Confrontation Clause right was violated when the trial court allowed a support person to be present during the complaining witness' testimony.

Claim 4:   The trial court's refusal to instruct the jury that it could consider evidence of Schrodt's character for honesty violated Schrodt's rights to due process and to present a defense.[1]

Claim 5:   The trial court's instruction that permitted jurors to use a probability standard to evaluate testimony by two witnesses violated Schrodt's rights to due process and to present a defense by reducing the prosecutor's burden of proof.

Claim 6:   The denial of Schrodt's new trial motion based on new evidence violated Schrodt's right to due process.

Claim 7:   The admission of evidence of tape-recorded phone conversations violated Schrodt's rights to due process and to present a defense.[2]

Claim 8:   Schrodt alleges that prosecution expert witness Dr. Carpenter "was allowed to change his testimony without question several times."  Claim One: Attachment I, p. 9.  This allegation does not amount to a violation of Schrodt's rights to due process, to present a defense, or to confront witnesses because there is no allegation that the court actually prohibited

---

[1] Schrodt alleges that his right to due process and his right to a fair trial were violated. A fair trial is a component of due process and is not an independent and different thing. Thus, the court refers to the right as a right to due process.

[2] Schrodt's related argument that the tape recordings violated state law is not cognizable in a federal habeas action because relief is available here only for violations of the constitution, treaties and laws of the United States.  <u>See</u> 28 U.S.C. § 2254.

3

questioning of Dr. Carpenter. Merely allowing a witness to provide self-contradictory testimony does not amount to a violation of a defendant's rights to due process, present a defense, or to confront witnesses. Claim 8 (i.e., the allegations at paragraph 8 of Claim One: Attachment 1, page 8) does not state a claim for a constitutional violation and therefore is dismissed.

Claim 9: The court excluded evidence of prior sexual conduct of the complaining witness. Liberally construed, this appears to be an allegation that the evidence was excluded in violation of his rights to due process, to present a defense, and to confront witnesses.

Claim 10: The court excluded evidence of drug use and child abuse by his ex-wife who was a witness at the trial. Liberally construed, this appears to be an allegation that the evidence was excluded in violation of his rights to due process, to present a defense, and to confront witnesses.

Claim 11: Schrodt alleges that the "court failed to consider [his] work schedule in allowing Jane Doe's testimony alleging continuous abuse" and that had his work schedule been checked, it would have revealed that he worked many hours and had little opportunity to commit the child molestations of which he was convicted. Claim One: Attachment I, page 10. He further alleges that "[a]llowing Jane Doe's testimony to stand undisputed denied [his] constitutional right to a fair trial and to present a reasonable defense." Id. at p. 11.[3] Liberally construed, this claim appears to be that Schrodt's right to due process was violated by excluding the evidence of his work schedule.

Claim 12: Schrodt alleges that "[s]everal occurrences since [he] was convicted have pointed out the fact that the charges against [him] were fabricated by [his] ex-wife." Claim One: Attachment I, p. 11. The allegations concerning Schrodt's ex-wife's activities after his trial do not state a claim for a violation of Schrodt's rights to due process, to present a defense, or to confront witnesses. The claim in paragraph 12, id. at pp. 11-12, must be dismissed.

Claim 13 (identified as Claim 2 in the petition): Schrodt's Sixth Amendment right to be

---

[3] If Schrodt's contention is instead that the trial court did not investigate and find evidence for him -- rather than a claim that it excluded evidence that was offered and should have been admitted -- the claim would be meritless because a trial court has no duty to investigate and present a defense for a criminal defendant.

4

tried in the state and district where the crime was committed was denied when he was prosecuted in Contra Costa County for acts occurring in Hawaii.[4]

Claim 14 (identified as Claim 3 in the petition): Schrodt was denied his constitutional right to a fair appeal.

Claims 1-7, 9-11, and 13-14 are cognizable in a federal habeas action. Claims 8 and 12 are not cognizable and therefore are dismissed from this action. Having identified all the claims in the petition and determined which are cognizable in a federal habeas action, the court now considers whether state judicial remedies have been exhausted for the claims.

B.   The Petition For Review Exhausted Only A Few Claims

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court may not adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted. See Rose v. Lundy, 455 U.S. at 522.

Schrodt filed a petition for review in the California Supreme Court after his conviction was

---

[4] Schrodt's additional statements in this claim concerning problems with the arrest in Hawaii and bail problems in Hawaii cannot form the basis for any federal habeas relief. See Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976) (federal habeas review of Fourth Amendment claims is barred unless the state did not provide an opportunity for full and fair litigation of those claims); Ker v. Illinois, 119 U.S. 436, 440 (1886) ("for mere irregularities in the manner in which he may be brought into custody of the law, we do not think he is entitled to say that he should not be tried at all for the crime with which he is charged in a regular indictment"); Medina v. California, 429 F.2d 1392, 1393 (9th Cir. 1970) (habeas claim that pretrial bail was unconstitutionally revoked became moot when petitioner was tried and convicted).

affirmed. See Resp. Exh. A.  Asserting a claim in such a petition is the most straightforward method to exhaust state court remedies.  A comparison of Schrodt's federal habeas petition with his petition for review in the California Supreme Court reveals that only a few of the claims presented in the federal habeas petition were contained in the petition for review and exhausted. Only part of Claim 1 is exhausted because the petition for review contains argument only about the exclusion of letters written by Schrodt's ex-wife (Claim 1(a)) and does not mention the exclusion of photographs (Claim 1(b)).  Claim 1(a) is exhausted because it was presented in the petition for review as Argument I but Claim 1(b) is not exhausted.  Claim 3 is exhausted because it was presented in the petition for review as Argument II.  Claim 5 is exhausted because it was presented in the petition for review as Argument IV.  Claim 6 is exhausted because it was presented in the petition for review as Argument V.  The petition for review did not exhaust state court remedies for any other claims in the federal petition, i.e., the petition did not exhaust Claims 1(b) or Claims 2, 4, 7, 9-11, and 13-14.[5]  (As noted earlier Claims 8 and 12 are dismissed because they are not cognizable in a federal habeas petition.)

C.     Schrodt Did Not Exhaust By Means Other Than The Petition For Review

In his response to the motion to dismiss, Schrodt urges that he exhausted some of his claims by means other than the petition for review discussed above.  The court rejects all of his arguments.

Schrodt first contends that he satisfied the exhaustion requirement for some unidentified claims by bringing those claims to the attention of his appellate attorney who refused to include them in the appeal or petition for review.  Schrodt reasons that presenting the claims to the appellate attorney exhausted the claims because the appellate attorney is paid by the state and is responsible to the state.  No legal authority supports this contention.  To exhaust, the petitioner must give the state's highest court a fair opportunity to rule on the merits of the claims.  Bringing

---

[5] Arguments III and VI in the petition for review do not match any claim contained in Schrodt's federal petition and therefore did not exhaust any claim.

potential claims to the attention of Schrodt's appellate attorney did not exhaust state court remedies as to any of those claims because the California Supreme court never saw them or considered them.

Schrodt next contends that he satisfied the exhaustion requirement concerning his first appellate counsel and the appellate attorney appointment system by filing an attorney misconduct claim. Schrodt reports that he filed a complaint with the California State Bar about his appellate attorney, the State Bar closed the file without action, and the California Supreme Court denied review of the State Bar's decision. This activity did not challenge the legality of Schrodt's conviction and therefore did not fairly present to the California Supreme Court any claim regarding the conviction. In reviewing a State Bar decision on attorney discipline, the California Supreme Court would have no occasion to reach out and decide the entirely separate issue of the merits of the client's criminal case. Even if Schrodt had mentioned in his petition for review from the rejection of his attorney misconduct claim that his conviction was caused by the attorney's misconduct, it did not constitute "fair presentation" of the claim because it was by a procedural method which made it unlikely that the claim would be considered on the merits. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (presentation by way of petition to state supreme court for allocatur, which under state procedure may be considered only when "there are special and important reasons therefor," insufficient to exhaust).

Finally, Schrodt urges that he exhausted some claims by filing a complaint with the Commission on Judicial Performance. That activity did not exhaust any claim because the Commission on Judicial Performance is not the state's highest court. Moreover, there is no indication that the Commission on Judicial Performance had any authority to set aside a conviction even if it found that a judge had acted improperly

D.  Schrodt Must Choose An Option

Schrodt's petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition.  See Rhines v. Weber, No. 03-9046, slip op. at 3 (U.S. Mar. 30, 2005).  The court cannot adjudicate the merits of a mixed petition.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Schrodt the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all the claims.  Accordingly, instead of an outright dismissal of the action, the court will allow Schrodt to choose whether he wants to

> (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims,[6] or
>
> (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or
>
> (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Schrodt is cautioned that the options have risks which he should take into account in deciding which option to choose.  If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition.  See 28 U.S.C. § 2244(b).  If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred.  See 28 U.S.C. § 2244(d).  If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from

---

[6] Respondent urges that the court ought to dismiss the unexhausted claims based on Schrodt's statement in his May 2, 2005 response that he "stands by all claims in the writ of habeas corpus."  The court declines to do so.  Although Schrodt did write that he "stands by all claims in the writ," the meaning of the statement is not particularly clear especially in light of the conflicting messages in his second response filed on May 13, 2005.

8

1  the California Supreme Court on all of his unexhausted claims, and to return to this court. And
2  under option (3), this action stalls: this court will do nothing further to resolve the case while
3  petitioner is diligently seeking relief in the California Supreme Court.

4        The U.S. Supreme Court recently discussed the stay-and-abeyance procedure for mixed
5  habeas petitions in <u>Rhines v. Weber</u>, slip op. at 6-8. The <u>Rhines</u> Court cautioned district courts
6  against being too liberal in allowing stays because a stay works against several of AEDPA's
7  purposes in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner
8  to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining
9  federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state
10 court prior to filing his federal petition."  <u>Rhines</u>, slip op. at 6. A stay and abeyance "is only
11 appropriate when the district court determines there was good cause for the petitioner's failure to
12 exhaust his claims first in state court," <u>id.</u> at 7, the claims are not meritless, and there are no
13 intentionally dilatory litigation tactics by the petitioner, <u>id.</u> at 8. Any stay must be limited in time
14 to avoid indefinite delay. <u>Id.</u> Reasonable time limits would be 30 days to get to state court, as
15 long as necessary in state court, and 30 days to get back to federal court after the final rejection
16 of the claims by the state court. See <u>id.</u> at 7-8; <u>Kelly v. Small</u>, 315 F.3d 1063, 1071 (9th Cir.),
17 <u>cert. denied</u>, 123 S. Ct. 2094 (2003). Schrodt should bear in mind the Court's guidance in <u>Rhine</u>
18 in preparing his motion to obtain a stay, if he chooses option (3).

19

20 E.    <u>Other Procedural Issues</u>

21       Schrodt wrote that he had served his letter response to the motion to dismiss by mailing
22 a copy to respondent, i.e., the warden of his prison. This is not a proper method of service.
23 Because respondent is now represented by counsel, Schrodt must serve a copy of any document
24 he files by mailing a copy to counsel for respondent rather than directly to respondent. Failure
25 to do so will result in that document being stricken.

26       Schrodt filed a letter response to the motion to dismiss on May 2, 2005 and a second letter
27 response on May 13, 2005. That was one filing too many. If a motion is filed by his opponent,
28

Schrodt may file only one opposition; he may not file a rebuttal to the reply or a second opposition. This is standard practice that the court requires of all litigants. (For future reference, if respondent files an answer to the petition, Schrodt may file only one document: a traverse.)

There were no citations to the reporter's transcript in the habeas petition. There must be citations to the record to show precisely where an error occurred so the court may evaluate it. It is Schrodt's (not the court's and not respondent's) obligation to read through the record and provide specific page number references so that his claims may be addressed. For example, in Claim 1(b), in which Schrodt contends the court erred in excluding photographs, he must identify the particular page(s) in the record on which the photo evidence was offered and the ruling was made. When the matter is fully submitted, i.e., the answer has been filed by respondent and the traverse has been filed by Schrodt, the court must have before it citations to the parts of the record to read to evaluate the claims. Schrodt must file an addendum to his petition that provides the specific page number references for each of his claims no later than **July 29, 2005**. He need not repeat all of his arguments, but may simply list each claim separately and, for each claim, list the specific page number references for each of his claims.

Although Schrodt's petition lists three claims with numerous sub-parts to Claim 1, the court has numbered all the claims individually, as Claims 1-14. Schrodt and respondent must follow the court's numbering scheme to avoid further confusion in this action.

## CONCLUSION

Claims 8 and 12 are dismissed as not cognizable in a federal habeas action.

Respondent's motion to dismiss is GRANTED in part. (Docket # 3.) Schrodt must serve and file no later than **July 15, 2005**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claim, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or

Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Granting Motion To Dismiss And Requiring Election By Petitioner." Schrodt would have to insert a number in place of the blank space to indicate which of the first two options he chooses.  If he chooses Option (3), Schrodt must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.  He must serve and file the motion for a stay no later than **July 15, 2005**. If Schrodt does not choose one of the three options or file a motion by the July 15, 2005 deadline, the court will dismiss the action.

Schrodt must file an addendum to his petition for writ of habeas corpus that lists the specific page references for each of his claims no later than **July 29, 2005**.  If Schrodt chooses Option (3), and files a motion for a stay, the deadline for filing the addendum will be reconsidered and reset for a later date in the court's next order.  Nonetheless, the page references are necessary for this court (and for any state court that may consider any petition from Schrodt), so he should be preparing this information as promptly as possible.

IT IS SO ORDERED.

DATED: June _22__, 2005                              S/Susan Illston
                                                     SUSAN ILLSTON
                                                     United States District Judge